**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| MAURICE W. JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM K. COOL, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:25-cv-1504<br><br>District Judge Algenon L. Marbley<br>Chief Magistrate Judge Stephanie K. Bowman |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding pro se, who is currently housed at the Toledo Correctional Institution (ToCI), brings his Complaint (Doc. 1-1) and Supplemental Amended Complaint (Doc. 6, at PageID 131-32) against the Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith, five employees at the Ross Correctional Institution (RCI), where Plaintiff was previously housed, the U.S. Attorney General, and the U.S. Department of Justice under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971); 42 U.S.C. §§ 1983, 1981, and 2000aa; the Federal Tort Claims Act (FTCA); 18 U.S.C. §§ 2242 and 2243; and Ohio law. (Doc. 1-1, at PageID 22; Doc. 6, at PageID 131-32). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 33).

This matter is currently before the Court for a s*ua sponte* review of the Complaint, as supplemented (hereinafter collectively referred to as the Complaint), to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is

immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

## I. Legal Standard

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. Plaintiff's Allegations

Plaintiff alleges that on May 16, 2024, while at RCI, he was removed from his cell for smoking, which he denies doing. (Doc. 1-1, at PageID 25). Plaintiff alleges that he was "jumped, kicked and punched in the head, body and face; beaten and maced in the face" and "hit . . . in the forehead" with handcuffs that were used "as brass knuckles." (*Id.*). Although the allegations are asserted largely against unnamed John Doe officers (*see id.*), Plaintiff also alleges that Defendant Robert Hurtt, an RCI lieutenant, was among those "kicking and punch[ing him] in the head and body area." (*Id.* at PageID 20; *see also* Doc. 6, at PageID 131).

Additionally, Plaintiff alleges that unidentified officers placed him in handcuffs that were too tight, despite his repeated requests to loosen them. (Doc. 1-1, at PageID 25). Plaintiff claims that as a result of the tightened handcuffs, he lost feeling in his hands for five days. (*Id.*). According to Plaintiff, he was brought to another cell, where he was left for hours before being taken to the "vault." (*Id.* at PageID 26). While in the "vault," Defendant Hurtt allegedly visited Plaintiff and asked him if he wanted to make a statement. . (*Id.*). Plaintiff responded that he could not hold the pen. (*Id.*). Hurtt then allegedly told Plaintiff that he was going to send Plaintiff to "Lucasville Correctional," where Hurtt's friends were going to do the same thing to Plaintiff. (*Id.*).

With little additional detail, Plaintiff speculates that the above alleged events were racially motivated and in retaliation for a previous lawsuit he filed as well as grievances he submitted about the kosher trays. (*Id.*). Plaintiff also speculates that during the above events "a device [was] implanted in [his] head and body to [his] nervous system without [his] consent or knowledge." (*Id.*).

Plaintiff's allegations next pertain to a disciplinary hearing that took place around June 17, following which he was sentenced to "180 days Limited Control." (*Id*. at PageID 27). Although not entirely clear, it appears that the disciplinary hearing was stopped at some point by Defendant Racheal Herr, an RCI sergeant, because Plaintiff was having chest pains. (*Id*.). Plaintiff asserts that he was placed in the "cage for several hours with the belief that medical was being called on [his] behalf." (*Id*.). Plaintiff claims that he was not allowed to present a defense or enter a statement on his own behalf during the hearing. (*Id*.).

Plaintiff also alleges that his tablet was stolen when he went to segregation. (*Id*.). He asserts that he repeatedly tried to file grievances using his cellmate's tablet and to give statements and an appeal to Defendants ODRC Director Chambers-Smith, RCI Warden William Cool, and RCI Inspectors S. Skaggs and T. Deihl regarding the above events, but they failed to properly address them. (*Id*. at PageID 20).

Plaintiff alleges that he was beaten again by nondefendant John Doe officers in January or February 2025. (*Id*. at PageID 28). Plaintiff asserts the officers "cuffed [him] up dragged [him] over to medical and jumped him again," breaking his glasses. (*Id*.).

Finally, Plaintiff alleges that the U.S. Attorney General and the U.S. Department of Justice are involved because "they are representatives of all state employees acting under the color of state law." (Doc. 6, at PageID 132).

Plaintiff seeks monetary, declaratory, and injunctive relief. (Doc. 1-1, at PageID 21, 30-31).

## III. Analysis

Based on the above allegations, Plaintiff advances the following claims: (1) Eighth

Amendment excessive force claims arising out of the alleged May 16, 2024 and January/February 2025 beatings; (2) Eighth Amendment cruel and unusual punishment claims based on threats; (3) Fourteenth Amendment due process claims based on the allegedly deficient disciplinary proceedings that resulted in his placement in Limited Control housing, the loss of his tablet, and the handling of his grievances and appeal; (4) First Amendment retaliation claims related to the May 16, 2024 incident; (5) Fourteenth Amendment equal protection claims related to the May 16, 2024 incident; (6) unspecified Fourth Amendment and Eighth Amendment deliberate indifference claims; and (7) unspecified claims under 42 U.S.C. § 1981; 42 U.S.C. § 2000aa; the FTCA; 18 U.S.C. §§ 2242 and 2243; and the Fifth and Ninth Amendments. (*Id*. at PageID 28). It also appears that Plaintiff seeks to advance state law claims for "emotional and mental distress," assault, battery, and negligence. (*Id.*).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff may proceed for further development at this juncture with his Eighth Amendment claim of excessive force against Defendant Hurtt based on the alleged May 16, 2024 incident. The Court cautions Plaintiff, however, that no determination has been made regarding the merits of this claim or any defenses to it, nor is Hurtt precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020). The Court is simply concluding that this claim may proceed to further development at this time. The Court has not yet determined whether it will exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. Out of an abundance of caution, and in light of Plaintiff's pro se status, the Court

will not *sua sponte* dismiss Plaintiff's state law claims against Hurtt. The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over such state law claims is appropriate. But for the reasons below, the remainder of Plaintiff's claims are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

### A. Official Capacity Damages Claims

First, the Court notes that to the extent that Plaintiff sues the state Defendants (*i.e.,* ODRC Director Chambers-Smith, Warden Cool, Lieutenant Hurtt, Sergeant Herr, and Inspectors Skaggs and Deihl) in their individual and official capacities (*see* Doc. 1-1, at PageID 24), the Eleventh Amendment bars a federal court from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. *Edelman v. Jordan*, 415 U.S. 651 (1974). Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Quern v. Jordan*, 440 U.S. 332, 340 (1979). Further, the State of Ohio has not waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985).

It is well-established that a claim against an individual defendant in his or her official capacity is actually a claim against the entity that employs him or her. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, actions against state officials in their official capacities for money damages are barred by the Eleventh Amendment. *Will*, 491 U.S. at 70-71. Accordingly, any damages claims against the state Defendants in their official capacities under § 1983 should be dismissed. *See Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011).

**B. Eighth Amendment Threats Claim**

Next, to the extent that Plaintiff alleges that Defendant Hurtt used threatening language toward him (*see* Doc. 1-1, at PageID 26), such conduct, although unprofessional, fails to state a constitutional violation. Courts have consistently held that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cty. Domestic Relations,* 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). Moreover, Plaintiff's conclusory assertions he was in danger from any Defendant while housed at SOCF (*see* Doc. 1-1, at PageID 26) are insufficient to state a claim. *Twombly,* 550 U.S. at 555–57. Plaintiff's Eighth Amendment threats claim should be dismissed.

**C. January/February 2025 Incident**

Additionally, while the Court is allowing Plaintiff's Eighth Amendment excessive force claim to proceed at this juncture against Defendant Hurtt based on the alleged May 16, 2024 incident, Plaintiff's Eighth Amendment excessive force claim based on the alleged January/February 2025 incident is subject to dismissal. The allegations surrounding the January/February 2025 incident are conclusory. (*See* Doc. 1-1, at PageID 28). Plaintiff has failed even to identify any of the individuals who allegedly engaged in that incident. (*See id.*). "Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of *respondeat superior*, are necessary in order to hold an individual defendant liable under § 1983." *Britford v. Collins*, No. 2:07-CV-0306, 2009 WL 853970, at *10 (S.D. Ohio Mar. 25, 2009) (citing *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658

(1978)). Because Plaintiff's Complaint does not plead the personal involvement of any Defendant in the allegedly unconstitutional January/February 2025 excessive force incident, Plaintiff's Eighth Amendment claim related to that event should be dismissed. *See Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

**D. Fourteenth Amendment Liberty Interest**

Plaintiff alleges that Defendant Herr denied him due process by not letting him make a statement in his June 17 disciplinary hearing and that Defendants Chambers-Smith, Cool, Skaggs, and Deihl denied him due process by mishandling later submitted statements and his appeal. (Doc. 1-1, at PageID 20, 27-28). These allegations do not support a plausible due process liberty claim.

The Due Process Clause protects individuals against deprivation of "life, liberty, or property without due process of law." U.S. CONST. amend. XIV. Prisoners subject to disciplinary proceedings, however, are not entitled to the same "full panoply" of due process rights afforded to criminal defendants during trial. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A valid "due process challenge to a prison misconduct conviction depends on whether the conviction[ ] implicated any liberty interest." *Hubbard v. Theut*, No. 2:19-CV-52, 2019 WL 1198536, at *2 (W.D. Mich. Mar. 14, 2019). Importantly, the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *Id*. (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Rather, "a prisoner is entitled to the protections of due process only when a deprivation 'will inevitably affect the duration of his sentence' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id*. (quoting *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995)).

Plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or in an atypical and significant hardship. The Sixth Circuit has found that confinement in segregation generally does not rise to the level of an atypical and significant hardship except "in extreme circumstances," such as when a prisoner is subject to an excessively long or indefinite administrative segregation. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (quoting *Harden–Bey v. Rutter,* 524 F.3d 789, 791–92 (6th Cir. 2008)). *Cf. Harris v. Caruso,* 465 F. App'x. 481, 484 (6th Cir. 2012) (a prisoner's 8-year confinement in segregation was of "atypical duration" and presented a cognizable liberty interest). Assignment to restrictive housing likewise does not implicate a liberty interest. *See Perry v. Erdos*, No. 1:22-CV-178, 2022 WL 2256901, at *3 (S.D. Ohio June 22, 2022), *report and recommendation adopted*, 2022 WL 3083522 (S.D. Ohio Aug. 3, 2022) ("Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest") (citations omitted).

Furthermore, the additional "loss of phone and tablet privileges" does not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life. *Gardner v. Picotte*, No. 2:24-cv-192, 2025 WL 920025, at *7 (W.D. Mich. Mar. 27, 2025) (citing cases). *See also Jarrett v. Greene*, No. 1:22-cv-456, 2022 WL 13795466, at *12 (S.D. Ohio Oct. 24, 2022), *report and recommendation adopted*, 2022 WL 17253595 (S.D. Ohio Nov. 28, 2022) (six-month tablet restriction did not implicate a liberty interest); *Uraz v. Ingham Cty. Jail*, No. 1:19-cv-550, 2019 WL 4292394, at *6 (W.D. Mich. Sept. 11, 2019) (10-month phone restriction did not implicate a liberty interest). Nor does the alleged violation of prison policies and

procedures (*see* Doc. 1-1, at PageID 28) support a separate constitutional claim. *See Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995) (stating that mandatory language in prison regulations does not create a liberty interest protected by the due process clause).

Plaintiff Fourteenth Amendment due process liberty interest claims should be dismissed.

**E. Fourteenth Amendment Property Interest**

Nor has Plaintiff stated a plausible due process property claim based on allegations that his tablet was stolen. First, Plaintiff does not allege that any Defendant was involved in the loss of his tablet. (*See* Doc. 1-1, at PageID 27). Second, to state a due process claim in connection with the loss of his property, Plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under § 1983, "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066).

Plaintiff says nothing about the inadequacy of state post-deprivation remedies. *See Vicory*, 721 F.2d at 1063. *See also Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the [post-deprivation] process requirement of the Due Process Clauses."). And while Plaintiff is apparently dissatisfied with the prison's grievance system (*see* Doc. 1-1, at PageID 27; Doc. 6, at PageID 131), that is not enough to satisfy his burden because "[p]rison inmates do not have a constitutionally

protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. 1998) (citations omitted); *cf. Martin v. Wilson*, No. 2:18-CV-463, 2018 WL 3083891, at *2 (S.D. Ohio June 22, 2018) (rejecting a plaintiff's contention that the grievance process is a state post-deprivation remedy). Therefore, Plaintiff fails to state a plausible Fourteenth Amendment due process property claim.

**F. Retaliation/Racial Discrimination Claims**

Additionally, Plaintiff suggests that the alleged May 16, 2024 incident was retaliatory and based on racial discrimination. (Doc. 1-1, at PageID 26). But "in the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, unsupported claims of equal protection violations, racial discrimination, or religious bias fail to state a claim for relief. *See Harden-Bey*, 524 F.3d at 796; *Turnboe v. Gundy*, 25 F. App'x 292, 293 (6th Cir. 2001). Likewise, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin–Bey v. Rutter,* 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987)); *see also Iqbal*, 556 U.S. at 662 (recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient to state a § 1983 claim). Thus, Plaintiff's retaliation and racial discrimination claims are subject to dismissal.

**G. Eighth Amendment Deliberate Indifference**

Plaintiff's Eighth Amendment deliberate indifference claims appear to arise out of his allegations that he lost feeling in his hands for five days, had chest pains at his disciplinary hearing, and/or believes that a device was implanted in his head and body. (Doc. 1-1, at PageID

25-27). To state a claim for an Eighth Amendment violation due to inadequate medical care, a prisoner must allege facts evidencing a deliberate indifference to serious medical needs. *Wilson v. Seiter,* 501 U.S. 294, 297 (1991); *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).

Here, Plaintiff fails to identify how any Defendant was personally involved in the alleged inadequate medical care. Indeed, Plaintiff fails to specify how any Defendant was deliberately indifferent to his serious medical needs. To state a claim for relief, a plaintiff must "set forth the circumstances, occurrences, and events upon which his allegations [are] based." *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (citing *McGregor v. Indus. Excess Landfill, Inc*., 856 F.2d 39, 42-43 (6th Cir. 1988)). Plaintiff's conclusory reference to "deliberate indifference to medical needs" (Doc. 1-1, at PageID 28) is insufficient to state a plausible Eighth Amendment claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (conclusory statements are insufficient to support a claim for deliberate indifference to a prisoner's serious medical needs) (citations omitted).

Plaintiff's Eighth Amendment deliberate indifference claims should be dismissed.

**H. Fourth Amendment Search and Seizure**

Plaintiff alleges that his Fourth Amendment rights were violated in unspecified ways. (*See* Doc. 1-1, at PageID 28). The Court presumes that his claims arise out of his allegations that he was taken from his cell for smoking, he was placed in Limited Control housing, and/or his tablet was improperly taken from his property when he went to segregation. (Doc. 1-1, at PageID 25, 27).

To the extent that Plaintiff's Fourth Amendment claim arises out of the alleged May 16, 2024 excessive force incident, "the Eighth Amendment [not the Fourth Amendment] sets the

standard for an excessive force claim" for a plaintiff who is a convicted prisoner at the time of the alleged use of excessive force. *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). Such a claim would therefore be duplicative of Plaintiff's Eighth Amendment claim based on the same incident. *See Matthews v. Butler Cty.*, No. 1:22-CV-380, 2025 WL 1797086, at *26 (S.D. Ohio June 30, 2025), *report and recommendation adopted*, 2026 WL 872561 (S.D. Ohio Mar. 30, 2026).

To the extent Plaintiff contends that he was improperly seized and placed in Limited Control housing (Doc. 1-1, at PageID 27), such a claim also fails. Plaintiff cannot show that he was improperly seized in violation of the Fourth Amendment because "he was already lawfully subject to all the limitations on liberty incident to arrest and imprisonment, including the possibility of confinement in segregation. Thus, transferring him from one area of the prison to a more restrictive area did not constitute a 'seizure' under the Fourth Amendment[.]" *Hubbard v. Mann*, No. 2:21-CV-55, 2021 WL 2845099, at *9 (W.D. Mich. July 8, 2021).

Nor can Plaintiff state a plausible Fourth Amendment claim based on the packing up of his property for segregation. "Prisoners do not have a legitimate expectation of privacy, and the Fourth Amendment prohibition against unreasonable searches does not apply in prison cells." *Flournoy v. Morris*, No. 86-3787, 1987 WL 36063, *1 (6th Cir. May 22, 1987) (citing *Hudson v. Palmer*, 468 U.S. 517, 530 (1984)).

Plaintiff's Fourth Amendment claim should be dismissed.

**I. Federal Defendants**

Plaintiff names the U.S. Attorney and the U.S. Department of Justice as Defendants in his Supplemental Amended Complaint (Doc. 6, at PageID 132). But nothing in the Complaint

provides a basis for concluding that they are proper Defendants. Plaintiff's claims are based on allegations that individuals at the ODRC and RCI (*i.e*., state actors rather than federal actors) violated his rights. *See Calixte v. Briggs*, No. 3:10 CV 2838, 2011 WL 1743502, at *2 (N.D. Ohio May 6, 2011) (the FTCA "waives the government's sovereign immunity for the negligent acts of **federal** government employees") (citing *Montez v. United States,* 359 F.3d 392, 395 (6th Cir.2004)); *Bivens,* 403 U.S. at 398 (*Bivens* provides an implied private right of action for damages against **federal** officials who have allegedly violated an individual's constitutional rights). "[A]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff has failed to provide a basis to waive the Government's sovereign immunity in this case. Plaintiff's claims against the federal Defendants should therefore be dismissed.

### J. Other Miscellaneous Federal Claims

To the extent that Plaintiff asserts that his Complaint also arises under 42 U.S.C. §§ 1981 and 2000aa; 18 U.S.C. §§ 2242 and 2243; and the Fifth and Ninth Amendments, he has made no attempt to apply these provisions to his claims. "Conclusory allegations are insufficient to establish a cause of action under § 1981." *Drake v. Enyart*, No. 3:06-CV-217, 2006 WL 3524109, at *3 (W.D. Ky. Dec. 4, 2006). Nor has Plaintiff alleged any facts demonstrating that the government searched for or seized any materials intended for publication, which would be necessary to state a claim under 2000aa. *See id*. And "Congress did not create a private cause of action in [18 U.S.C.] sections 2242 and 2243." *Adeshina v. Bush*, No. 4:21-CV-403, 2021 WL 6297772, at *1 n.2 (N.D. Fla. Dec. 13, 2021) (citing cases), *report and recommendation adopted*, 2022 WL 62266 (N.D. Fla. Jan. 5, 2022). As for the Fifth Amendment, it "restricts only the

actions of the **federal** government." *Scott v. Clay Cty., Tenn*., 205 F.3d 867, 873 (6th Cir. 2000). Further, the Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Reilly v. MDOC*, No. 2:20-CV-11109, 2020 WL 3172610, at *4 (E.D. Mich. June 15, 2020) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986)). Plaintiff's claims under 42 U.S.C. §§ 1981 and 2000aa; 18 U.S.C. §§ 2242 and 2243; and the Fifth and Ninth Amendments should thus be dismissed.

Accordingly, in sum, Plaintiff may proceed for further development at this juncture with his Eighth Amendment claim of excessive force based on the alleged May 16, 2024 incident and his state law claims against Defendant Hurtt in his individual capacity for damages and in his individual and official capacities for injunctive and declaratory relief. Plaintiff's remaining claims, however, are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

However, Plaintiff has failed to provide a completed U.S. Marshal form and summons form for service of process on Defendant Hurtt. It is therefore **ORDERED** that Plaintiff, **within thirty (30) days** of the date of this Order and Report and Recommendation, submit a completed U.S. Marshal form and summons form for Defendants Hurtt. **Plaintiff is advised that failure to comply with this Order may result in the dismissal of this case for want of prosecution.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS without prejudice** Plaintiff claims under the First Amendment, Eighth Amendment, and Fourteenth Amendment Equal Protection Clause against Defendants Chambers-Smith, Cool, Skaggs, Deihl, Herr, and Hurtt, **with the exception of** Plaintiff's Eighth Amendment threats claim, which the Court should **DISMISS with prejudice** against these

Defendants, and Plaintiff's Eighth Amendment claim of excessive force against Defendant Hurtt based on the alleged May 16, 2024 incident, which with **MAY PROCEED** at this juncture for further development. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See also Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

2. The Court **DISMISS with prejudice** Plaintiff's claims under the Fourth Amendment, Fifth Amendment, Ninth Amendment, Fourteenth Amendment Due Process Clause, 42 U.S.C. §§ 1981 and 2000aa, the FTCA, and 18 U.S.C. §§ 2242 and 2243, against Defendants Chambers-Smith, Cool, Skaggs, Deihl, Herr, and Hurtt. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

3. The Court **DISMISS without prejudice** Plaintiff's state law claims against Defendants Chambers-Smith, Cool, Skaggs, Deihl, and Herr. 28 U.S.C. § 1367.

4. The Court **DISMISS with prejudice** Plaintiff's claims against the U.S. Attorney and the U.S. Department of Justice. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff **MAY PROCEED** for further development at this juncture with his Eighth Amendment claim of excessive force based on the alleged May 16, 2024 incident and his state law claims against Defendant Hurtt in his individual capacity for damages and in his individual and official capacities for injunctive and declaratory relief.

2. Within **thirty (30) days** of the date of this Order and Report and Recommendation, Plaintiff **SHALL** submit a completed U.S. Marshal form and a completed summons form for Defendant Hurtt.

3. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with a blank U.S. Marshall form and a blank summons form for this purpose. Upon receipt of completed service

forms, the Court **ORDERS** service of process of the Complaint and Supplemental Amended Complaint by the United States Marshal in this case as directed by Plaintiff.

4. The **CLERK OF COURT** is **DIRECTED** to add Defendants S. Skaggs, T. Deihl, the U.S. Attorney, and the U.S. Department of Justice to the docket record of this case. (*See* Doc. 6, at PageID 131-32).

5. The **CLERK OF COURT** is further **DIRECTED** to file the Complaint and Supplemental Amended Complaint (Doc. 1-1, Doc. 6, at PageID 131-32) together in new docket entry in this case and title it "Complaint and Supplemental Amended Complaint." It is the operative complaint in this case. However, **before doing so**, the **CLERK** should detach and remove the pages found at Doc. 1-1, PageID 33-51, and return those pages to Plaintiff. Those pages appear to be a duplicate copy of a complaint filed in this Court by Plaintiff under Case No. 2:26-cv-29 (S.D. Ohio).

6. Plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

August 6, 2026

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).