**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| MAURICE W. JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM K. COOL, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:25-cv-1504<br><br>District Judge Algenon L. Marbley<br>Chief Magistrate Judge Stephanie K. Bowman |

---

**REPORT AND RECOMMENDATION**

---

This case is currently before the Court on Plaintiff's "Text of Proposed Order" and "Affidavit of Protective Custody" (Doc. 39), which the Court considers together to be a motion for a temporary restraining order. For the reasons below, the motion, in which Plaintiff seeks to enjoin conduct allegedly occurring at the Southern Ohio Correctional Facility (SOCF) (*see* Doc. 1-4, at PageID 97; *see also* Doc. 1-5, at PageID 100-02), should be denied.

In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228

F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co*., 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). *See also Midwest Retailer Associated, Ltd. v. City of Toledo*, 563 F. Supp. 2d 796, 802 (N.D. Ohio 2008) ("The same standard generally applies to the issuance of temporary restraining orders and preliminary injunctions.").

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)); *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (noting that the purposed of a temporary restraining order is to preserve the status quo). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is

entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff's motion for a temporary restraining order (Doc. 39) should be denied. First, the allegations concern events at SOCF and are therefore beyond the scope of the Complaint in this case (Doc. 1-1; Doc. 6, at PageID 131-32) which alleges events at the Ross Correctional Institution. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994)). Further, Plaintiff has made no attempt to apply the above factors to his situation. (*See* Doc. 1-4; *see also* Doc. 1-5).

A temporary restraining order is also not warranted in this case because the docket record establishes that Plaintiff is no longer housed at SOCF but is currently housed at the Toledo Correctional Institution (ToCI).[1] Courts have found that "injunctive relief is appropriate only where [a] plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *McMurry v. Brown*, No. 2:20-CV-58, 2020 WL 3118567, at *3 (W.D. Mich. June 12, 2020) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Because Plaintiff is currently at ToCI and not under the control of officials at SOCF he cannot show a reasonable expectation that he is in immediate danger of sustaining direct future injury from the challenged conduct. *Id.*; *see also Roberson v. Jackson*, No. 6:20CV188, 2022 WL 17546960, at *4 (E.D. Tex. Jan. 24, 2022), *report and recommendation adopted*, No. 6:20-CV-

[1]*See also* Ohio Department of Rehabilitation and Correction website, *https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A694268* (viewed on July 27, 2026).

188, 2022 WL 17080741 (E.D. Tex. Nov. 18, 2022) (finding the plaintiff's requests for injunctive relief concerning alleged use-of-force and medical claims moot upon his transfer to new facility); *Lowe v. Oppy*, No. 2:14-CV-535, 2015 WL 1439345, at *3 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted*, No. 2:14-CV-535, 2015 WL 1439325 (S.D. Ohio Mar. 27, 2015) ("Accordingly, the Court's entry of equitable relief on behalf of Plaintiff would have no effect on Defendants' actions towards him because Defendants perform their duties at an institution where Plaintiff is no longer incarcerated.").

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for a temporary restraining order (Doc. 39) be **DENIED.**

August 6, 2026

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).